UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CRIMINAL ACTION NO. 09-35-GFVT-1


UNITED STATES OF AMERICA,                                        PLAINTIFF,


V.                        **MEMORANDUM OPINION**
                              **& ORDER**


LEVI HASKEL RITCHIE,                                        DEFENDANT.

## I.  INTRODUCTION

This matter is before the undersigned on Defendant's Motion for Additional Discovery.  [R. 16].  For the following reasons, the motion [Id.] will be denied.

## II.  FACTUAL BACKGROUND

On November 23, 2004, Kentucky State Police ("KSP") officers discovered a large amount of stolen property inside a garage in the Avawam area of Perry County, Kentucky.  [R. 21 at 40].  On November 24, 2004, as KSP officers were processing the stolen property at the crime scene, an unknown individual approached KSP Detective Dean Craft ("Craft") and reported that Defendant had purchased an excavator from that location.  [Id. at 9].

That same day, at approximately 6:45 p.m., Craft and Knott County Deputy Sheriff Breman Slone ("Slone") approached Defendant at his grocery store and asked him if he had purchased an excavator.  [Id. at 11].  Defendant advised that he had not, and the officers left.  [Id.].  Shortly thereafter, Craft received information from Post 13 in Hazard that Defendant was in possession of a stolen road tractor and farm tractor.  [Id.].  At approximately 8:00 p.m., Craft, along with KSP Trooper Donnie Kelly ("Kelly"), returned to Defendant's property to investigate.  [Id. at 11-12].

The officers met and spoke with Defendant in front of his metal garage, which was located next to Defendant's grocery store. [Id. at 12-13, 49, 65]. Craft informed Defendant that the officers had received information that he was in possession of a stolen road tractor and farm tractor. [Id. at 12-13, 49]. Defendant stated that he had a tractor in the garage that was "possibly" stolen. [Id. at 21, 66]. Upon Craft's request, Defendant opened the door to the garage. [Id. at 76].

Inside the garage, the officers located a Kenworth road tractor. [Id. at 13]. A check of the vehicle's VIN number revealed that it was stolen. [Id.]. Craft then asked Defendant about the farm tractor, and Defendant advised that it was sitting in his brother's barn alongside the garage. [Id.]. Defendant's brother, who was present at the scene, took Craft to the barn and showed him the farm tractor. [Id.]. The officers ran the vehicle's VIN number and discovered that it, too, was stolen. [Id. at 14-15].

Craft subsequently radioed Post 13 in Hazard with instructions to open two (2) felony cases of Receiving Stolen Property Over Three Hundred ($300) Dollars against Defendant. [Id. at 27]. Craft then asked Defendant if he would give a taped interview, and Defendant agreed. [Id. at 15]. Following the interview, the police impounded the stolen tractors and left Defendant's property without arresting him. [R. 21 at 16-17]. Defendant was indicted on August 27, 2009, for Sale or Receipt of Stolen Property in violation of 18 U.S.C. § 2313. [R. 1].

## II.  PROCEDURAL BACKGROUND

On October 15, 2009, Defendant filed the instant Motion for Additional Discovery. [R. 16]. He relates that over the course of the last four (4) years, he has been stopped by the police on numerous occasions and questioned about the facts and circumstances underlying the instant indictment. [Id. at 1]. Defendant seeks the following items of discovery:

(1)     Copies of the CAD log/report from the entire night of the recovery of the items recovered from Avawam as well as Defendant's residence;

(2)     Any information concerning him that the police obtained as a result of the state court prosecutions which resulted from the recovery of the stolen property from Avawam.

(3)     Copies of any contracts on file with the Kentucky State Police for any and all tow trucks or wreckers authorized to remove the stolen property from Avawam and his residence;

(4)     Any and all reports, notes, memorandum, citations, recordings and/or documents relating to him prepared by, in the possession of, or derived from Kentucky Vehicle Enforcement Officer Nathan Day; and

(5)     Any and all statements, notes, memorandum, recordings and/or documents relating to him prepared by, in the possession of, or derived from a list of various KSP officers.

[Id.at 2-3].

Defendant filed a supplemental brief in support of the instant motion on October 26, 2009. [R. 23-2].  Therein, he contends that his Sixth Amendment right to a speedy trial has been violated by the government's nearly five-year delay in bringing charges against him.  [Id. at 15].  Defendant claims that his defense has been prejudiced because the person he would have called as a witness to testify about the facts and circumstances underlying the relevant transactions has died.  [Id.].

### III.  ANALYSIS

**(A)     Defendant's Discovery Requests**

Defendant is not entitled to the additional discovery which he requests.  As it relates to (1) the CAD log/report from the night of the recovery of the stolen property from Avawam and his residence, (2) any contracts on file with KSP for any tow trucks or wreckers authorized to remove the stolen property, and (3) any documents concerning him that were prepared by the police officers named in his motion, Defendant fails to establish the materiality of these documents.  Accordingly,

3

they are not discoverable under Fed. R. Crim. P. 16(E). With respect to Defendant's request for "any information that law enforcement has/had regarding [him as a result of the state court Avawam prosecutions]," this information does not fall under any of the categories specified in Rule 16. Therefore, it is likewise not discoverable.

Finally, with respect to Defendant's request for any statements that he may have made during his subsequent interactions with the police [R. 16 at 3], the United States advises that it is unaware of any such written or recorded statements, or of any oral statements that it intends to use at trial. [R. 18 at 2-3]. Accordingly, the Court will deny Defendant's request for production of this information.

**(B)      Defendant's Speedy Trial Claim**

Defendant's argument that his Sixth Amendment right to a speedy trial has been violated is without merit. "[T]he Sixth Amendment's guarantee of a speedy trial arises only once the defendant becomes an 'accused,' by indictment, arrest, or information." U.S. v. McRaven, Nos. 93-6554 to 93-6557, 93-6090 to 93-6093, 1994 WL 679372, at *4 (6th Cir. Dec. 5, 1994) (unpublished table decision) (citing U.S. v. Marion, 404 U.S. 307, 313 (1971)). Defendant was indicted in this matter on August 27, 2009 [see R. 1], and the statutory speedy trial clock began to run on the date of his arraignment, September 10, 2009. See U.S.C. § 3161(c)(1) ("In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment...shall commence within seventy days from the filing date (and making pubic) of the information or indictment, or from the date the defendant appeared before a judicial officer of the court in which [the] charge is pending, *whichever date last occurred.*") (emphasis added). The Speedy Trial Act's 70-day period for bringing Defendant to trial has yet to expire. Accordingly, Defendant's claim fails.

4

IV.  CONCLUSION

Accordingly, and for the foregoing reasons, Defendant's Motion for Additional Discovery

[R. 16] is DENIED.

Signed November 9, 2009.

Signed By:

*Edward B. Atkins*   *EBA*

United States Magistrate Judge